UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY KERR,

        Petitioner,

                                              CASE NO. 2:07-CV-10079
v.                                      HONORABLE AVERN COHN

SHERRY BURT,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION TO STAY PROCEEDINGS**

### I. Introduction

      This is a habeas case under 28 U.S.C. § 2254. Tony Kerr ("Petitioner"), a state prisoner currently confined at the Southern Michigan Correctional Facility in Jackson, Michigan, pleaded guilty to second-degree murder in the Lake County Circuit Court in 2003 and was sentenced to 35 to 70 years imprisonment. In his pleadings, Petitioner alleges that the trial court violated his Sixth Amendment rights at sentencing by relying upon facts not proven beyond a reasonable doubt nor admitted by Petitioner, that trial counsel was ineffective for failing to properly object to such matters, and that appellate counsel was ineffective for failing to raise both of the foregoing issues on direct appeal in the state courts. For the reasons that follow, the petition will be dismissed without prejudice and Petitioner's motion to stay the proceedings will be denied as moot.

1

## II. Procedural History

Following his conviction and sentencing, Petitioner filed an appeal with the Michigan Court of Appeals asserting that the trial court erred by imposing a sentence outside the guideline range and by mis-scoring his prior record. The Michigan Court of Appeals denied relief. *People v. Kerr*, No. 252588 (Mich. Ct. App. March 8, 2004) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which was denied. *People v. Kerr*, 471 Mich. 888, 687 N.W.2d 295 (Sept. 30, 2004). Petitioner states that he has filed a motion for relief from judgment with the Lake County Circuit Court raising the same claims he raises in the instant petition, which remains pending.

Petitioner dated the instant federal petition for writ of habeas corpus on December 21, 2006 and it was filed by this Court on January 3, 2007.

## III. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. Petitioner admits that he has a motion for relief from judgment pending in the state courts concerning his present habeas claims. Petitioner must complete the state court process before seeking habeas relief in this Court.

Petitioner has filed a motion to stay the proceedings so that he may exhaust his habeas claims in the state courts. A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber,*544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). This stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court. *Id.* at 1525. In this case, however, a stay of the habeas petition would be inappropriate because all of Petitioner's claims are unexhausted. Thus, the Court lacks jurisdiction over the petition while Petitioner pursues his claims in the state courts. *McCreary v. Smith,* 2005 WL 1349114, * 3 (E.D. Mich. May 25, 2005). Petitioner's motion to stay the proceedings must therefore be denied.

## IV.  Conclusion

For the reasons stated above, Petitioner has not fully exhausted his state court remedies as to each of his habeas claims.  Accordingly, the petition is **DISMISSED WITHOUT PREJUDICE** and Petitioner's motion to stay the proceedings is **DENIED**.

**SO ORDERED**.

           s/Avern Cohn
           AVERN COHN
           UNITED STATES DISTRICT JUDGE

DATED:  January 9, 2007